# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

GILBERT MENDEZ,

    Petitioner,

  v.

WARDEN, FCI JESUP-CAMP,

    Respondent.

2:24-cv-136

**ORDER**

The Magistrate Judge issued a Report and Recommendation that the Court grant Respondent's Motion to Dismiss, dismiss without prejudice Petitioner Gilbert Mendez's ("Mendez") 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus based on his failure to exhaust his administrative remedies, and deny as moot Mendez's request for injunctive relief.  Dkt. No. 15.  Mendez filed Objections to the Report and Recommendation.  Dkt. No. 16.

The Court notes the only Objections that are responsive to the Report and Recommendation are those concerning exhaustion of administrative remedies.  These are the only Objections the Court addresses here.  In his Objections, Mendez maintains that administrative remedies were unavailable to him because the Bureau of Prisons ("BOP") has "predetermined" that it will not transfer Mendez to pre-release custody because the BOP claims there is a lack of resources.  Id. at 5.  Mendez states because the BOP has

taken a position that is inconsistent with the governing statute, exhaustion of administrative remedies serves no purpose. Id. at 6.

Mendez raises new facts and arguments in his Objections that the Magistrate Judge could not and did not review. See Dkt. Nos. 1, 9, 10, 13, 16. The Court generally does not entertain arguments raised for the first time in Objections. Patrick v. Warden, 828 F. App'x 518, 519 (11th Cir. 2020) (finding district judge has broad discretion in considering argument not presented to magistrate judge) (citing Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009)). However, even considering Mendez's Objections, he fails to show his failure to exhaust administrative remedies should be excused or that exhaustion was otherwise futile.

In an attempt to show a circumstance excusing his failure to exhaust under McCarthy v. Madigan, Mendez contends that the BOP has predetermined that he cannot be transferred to pre-release custody. 503 U.S. 140, 146–48 (1992) (recognizing "three broad sets of circumstances" that might excuse exhaustion: (1) requiring exhaustion "may occasion undue prejudice to subsequent assertion of a court action"; (2) when there is "some doubt as to whether the agency was empowered to grant effective relief"; and (3) when "the administrative body is shown to be biased or has otherwise predetermined the issue before it . . . ."), superseded by statute, 42 U.S.C. § 1997e(a); see also Shorter v. Warden, 803 F. App'x

332, 336 (11th Cir. 2020) (suggesting McCarthy should be applied to § 2241 petitions). The Court recognizes Mendez's assertion that the BOP told him that he would not be transferred due to a lack of resources, dkt. no. 16 at 3, but the record before the Court does not support Mendez's assertion. To be clear, the record contains no evidence to support the assertion that the BOP predetermined the issue of Mendez's pre-release. Additionally, Mendez's pursuit of having the BOP credit him with all the credits he claims he is entitled to does not present the same circumstance as those the United States Supreme Court found qualify as a predetermination of an issue. See McCarthy, 392 U.S. at 148 (collecting cases). Mendez's unsupported supposition that the BOP had predetermined the issue is not enough to excuse his lack of exhaustion.

Additionally, as the Magistrate Judge observed, there does not seem to be a separate futility exception outside of the McCarthy circumstances to excuse the lack of exhaustion. Dkt. No. 15 at 6. But when a petitioner, such as Mendez, seeks to rely on futility to excuse exhaustion, the petitioner has to show futility and extraordinary circumstances. Id. & at 11 (quoting Jaimes v. United States, 168 F. App'x 356, 359 & n.4 (11th Cir. 2006)). Mendez fails to show his situation presents an extraordinary circumstance.

Thus, after an independent and de novo review of the entire record, the Court **OVERRULES** Mendez's Objections and **CONCURS WITH** and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court.  I **GRANT** Respondent's Motion to Dismiss, **DISMISS without prejudice** Mendez's 28 U.S.C. § 2241 Petition, and **DENY as moot** Mendez's request for injunctive relief.  Dkt. Nos. 1, 6, 13.  I also **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Mendez *in forma pauperis* status on appeal.

**SO ORDERED**, this 25th day of September, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA